ORIGINAL

CLERK US DISTRICT COURT
NORTHERN DIST. OF TX
FILED
JUN 17 AM 11: 50
DEPUTY CLERK RAW

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | CRIMINAL NO. 3-16CR-262-B |
| LINDA AVILES | |

## PLEA AGREEMENT

Linda Aviles, ("Defendant"), Jeffrey Grass, ("Defendant's attorney"), and the United States of America ("Government"), agree as follows:

1. **Rights of the Defendant:** Aviles understands that she has the following rights:

    a. to plead not guilty;

    b. to have a trial by jury;

    c. to have her guilt proven beyond a reasonable doubt;

    d. to confront and cross-examine witnesses and to call witnesses in her defense;

    e. against compelled self-incrimination; and

    f. to be prosecuted by indictment returned by a duly-impaneled grand jury.

2. **Waiver of Rights and Plea of Guilty:** Aviles waives these rights and pleads guilty to the offense alleged in Count One of the Information charging a violation of 42 U.S.C. § 1383a(a)(4), Supplemental Security Income Representative Payee Fraud. Aviles understands the nature and elements of the crime to which she is pleading guilty,

and agrees that the factual resume she has signed is true and will be submitted as evidence.

3. Sentence: The maximum penalties the Court can impose for Count One include:

  a. imprisonment for a period of not more than 5 years;

  b. a fine not to exceed $250,000, or twice any pecuniary gain to Aviles or loss to the victims;

  c. a term of supervised release of not more than three years, which may follow any term of imprisonment. If Aviles violates the conditions of supervised release, she could be imprisoned for the entire term of supervised release;

  d. a mandatory special assessment of $100;

  e. restitution to victims or to the community, which Aviles agrees will include restitution arising from all relevant conduct, and not limited to that arising from the offense of conviction alone; and

  f. costs of incarceration and supervision.

4. Court's Sentencing Discretion and Role of the Guidelines: Aviles understands that the sentence in this case will be imposed by the Court after consideration of the United States Sentencing Guidelines. The guidelines are not binding on the Court, but are advisory only. Aviles has reviewed the guidelines with her attorney, but understands no one can predict with certainty the outcome of the Court's consideration of the guidelines in this case. Pursuant to Rule 11(c)(1)(B), FED. R. CRIM. P., the Government hereby recommends that the appropriate term of imprisonment in this case is no greater than the low end of the United States Sentencing Guidelines range calculated by the U.S. Probation Office, and that, if available, the Court consider home confinement

as an alternative to incarceration. However, Aviles understands that this recommendation is not binding on the Court, and she will not be allowed to withdraw her plea if the recommendation is not adopted, if the applicable advisory guideline range is higher than expected, or if the Court departs from the applicable guideline range. Aviles fully understands that the actual sentence imposed (so long as it is within the statutory maximum) is solely in the discretion of the Court.

5. <u>Mandatory special assessment</u>: Aviles agrees to pay to the U.S. District Clerk the amount of $100, in satisfaction of the mandatory special assessment in this case.

6. <u>Restitution:</u> Aviles agrees to make restitution for all relevant conduct, payable to the U.S. District Clerk for the Northern District of Texas to be disbursed to:

> Social Security Administration
> Debt Management Section
> Attn: Court Refund
> P.O. Box 2861
> Philadelphia, PA 19122
> Reference SSA Case Number: DAL-15-00069-I

7. <u>Defendant's Agreement</u>: Aviles shall give complete and truthful information and/or testimony concerning her participation in the offense of conviction. Upon demand, Aviles shall submit a personal financial statement under oath and submit to interviews by the Government and the U.S. Probation Office regarding her capacity to satisfy any fines or restitution. Aviles expressly authorizes the United States Attorney's Office to immediately obtain a credit report on her in order to evaluate her ability to satisfy any financial obligation imposed by the Court. Aviles fully understands that any

financial obligation imposed by the court, including a restitution order and/or the implementation of a fine, is due and payable immediately. In the event the Court imposes a schedule for payment of restitution, Aviles agrees that such a schedule represents a minimum payment obligation and does not preclude the U.S. Attorney's Office from pursuing any other means by which to satisfy defendant's full and immediately enforceable financial obligation. Aviles understands that she has a continuing obligation to pay in full as soon as possible any financial obligation imposed by the court.

8.   <u>Government's Agreement</u>: The Government will not bring any additional charges against Aviles based upon the conduct underlying and related to the defendant's plea of guilty. The Government will dismiss, after sentencing, any remaining charges in the pending Information. The Government will file a Supplement in this case, as is routinely done in every case, even though there may or may not be any additional terms. This agreement is limited to the United States Attorney's Office for the Northern District of Texas and does not bind any other federal, state, or local prosecuting authorities, nor does it prohibit any civil or administrative proceeding against Aviles or any property.

9.   <u>Violation of Agreement</u>: Aviles understands that if she violates any provision of this agreement, or if her guilty plea is vacated or withdrawn, the Government will be free from any obligations of the agreement and free to prosecute Aviles and others, for all offenses of which it has knowledge. In such event, Aviles waives any objections based upon delay in prosecution. If the plea is vacated or withdrawn for any reason other than a finding that it was involuntary, Aviles also waives objection to the use

against her of any information or statements she has provided to the government, and any resulting leads.

10. <u>Voluntary Plea</u>: This plea of guilty is freely and voluntarily made and is not the result of force or threats, or of promises apart from those set forth in this plea agreement. There have been no guarantees or promises from anyone as to what sentence the Court will impose.

11. <u>Waiver of Right to Appeal or Otherwise Challenge or Seek Reduction in Sentence</u>: Aviles waives her rights, conferred by 28 U.S.C. § 1291 and 18 U.S.C. § 3742, to appeal from her conviction and sentence. She further waives her right to contest her conviction and sentence in any collateral proceeding, including proceedings under 28 U.S.C. § 2241 and 28 U.S.C. § 2255. Aviles reserves the rights (a) to bring a direct appeal (i) of a sentence exceeding the statutory maximum punishment, or (ii) an arithmetic error at sentencing, (b) to challenge the voluntariness of her plea of guilty or this waiver, and (c) to bring a claim of ineffective assistance of counsel.

12. <u>Representation of Counsel</u>: Aviles has thoroughly reviewed all legal and factual aspects of this case with her lawyer and is fully satisfied with that lawyer's legal representation. Aviles has received from her lawyer explanations satisfactory to her concerning each paragraph of this plea agreement, each of her rights affected by this agreement, and the alternatives available to her other than entering into this agreement. Because she concedes that she is guilty, and after conferring with her lawyer, Aviles has concluded that it is in her best interest to enter into this plea agreement and all its terms, rather than to proceed to trial in this case.

13. <u>Entirety of Agreement</u>: This document is a complete statement of the parties' agreement and may not be modified unless the modification is in writing and signed by all parties.

Agreed to and signed this 1st day of June, 2016.

JOHN R. PARKER
UNITED STATES ATTORNEY

_____
JENNIFER TOURJÉ
Deputy Criminal Chief

_____
NICOLE DANA
Special Assistant United States Attorney
Texas State Bar No. 24062268
1100 Commerce Street, Third Floor
Dallas, Texas 75242-1699
Tel: 214-659-8694
Fax: 214-659-8805
Email: nicole.dana@usdoj.gov

_____
LINDA AVILES
Defendant

_____
JEFFREY GRASS
Attorney for Defendant

## CERTIFICATION

I have read or had read to me this Plea Agreement and have carefully reviewed every part of it with my attorney. I fully understand it and voluntarily agree to it.

_____       06/15/16
LINDA AVILES                                       Date
Defendant

I am the defendant's counsel. I have carefully reviewed every part of this Plea Agreement with the defendant. To my knowledge and belief, my client's decision to enter into this Plea Agreement is an informed and voluntary one.

_____       6/15/2016
JEFFREY GRASS                                  Date
Attorney for Defendant